N. G. RHODES et als. v. J. H. MYERS et als.—W. H. FLYNN, Intervenor.

Where the interest of a witness is neutralized, he is competent.

The issuance of a commission by a deputy clerk to take testimony when it is ordered by the court is a ministerial act, and when executed, is properly received by the court.

Where defendant in attachment makes a *prima facie* showing that he did not intend leaving the State permanently, and his adversary does not rebut this proof—*Held:* That the acts and declarations of the former were properly admitted.

APPEAL from the District Court of East Feliciana, *McVea,* J.
R. J. *Bowman* and *Muse & Hardee,* for intervenor and appellants.
F. *Hardesty* and W. F. *Kernan,* for appellees.

VOORHIES, J. The defendant's slaves were attached upon the allegation

that he was about leaving the State permanently. Issue being joined on this allegation, the motion to dissolve the attachment was tried, and judgment was rendered in his favor.

The object of this suit is to cancel, on the ground of simulation, the adjudication of these slaves to Samuel Lee, and the sale from Lee to the defendant. The slaves had been sold by the Sheriff on an execution against Burrel Myers, the defendant's father. The question in the main suit is, whether the property attached belongs to the succession of Burrel Myers, and, as a consequence, is liable for the plaintiff's demand.

There are several bills of exception in the record.

1. Is William Myers, as one of the heirs of Burrel Myers, deceased, disqualified on the ground of interest? His pecuniary interest is to have the property recognized as belonging to the succession; on the other hand, being sworn on his *voir dire*, he acknowledges to have received, in money, his share of the slaves. But as the object of this suit is the payment of the debt of his father, for which he and his co-heirs are responsible, his interest is neutralized. His obligation in warranty is for his virile share; and such also is his obligation to pay the debt in question. He is, therefore, a competent witness. C. C. 2260.

2. For the same reason, John Myers is not an incompetent witness on account of his heirship.

3. The clerk having granted the order for a commission to take testimony, the issuance of the commission by his deputy was not a judicial, but a ministerial act. The commission executed upon such issuance was properly received by the court.

4. The defendant has made a *prima facie* showing that he did not intend leaving the State permanently at the time of the institution of these proceedings; nor has his adversary rebutted this proof. It is true that the acts and declarations of the former were, for that purpose, admitted on his behalf; but this is the only way in which the mere intentions of a party can be gathered. C. P. 240.

Judgment affirmed.

MERRICK, C. J., recused himself.

LAND, J., took no part in this decision.